JUL 18 2023

Clerk, U.S. Courts
District of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

---

RICHARD ROE,

     Plaintiff,

  vs.

CAROLYNN BRIGHT and DOEs
1-9, in their individual
and official capacities,

     Defendants.

Civil Cause No.

_____

COMPLAINT

---

## I. INTRODUCTION

1. This is a civil rights action by a former delinquent youth to redress harm caused by Montana Department of Corrections (MDOC) officials who persisted in disseminating information about Plaintiff's juvenile record in spite of court orders requiring the destruction of Roe's juvenile record and the statutory mandate underlying those orders.

2. Such conduct violated Roe's fourteenth amendment right to privacy as well as that sanctioned by Article II, Section 10 of the Montana Constitution. It also violated Roe's fifth and fourteenth amendment rights to due process, and his fourteenth amendment right to equal protection under the law.

3. The conduct complained of caused Roe severe hardship,

-1-

including loss of housing and employment opportunities, and emotional distress. Plaintiff seeks both compensatory and punitive damages, as well as declaratory and injunctive relief. Plaintiff further brings related state causes of action under this court's pendent jurisdiction.

## II. JURISDICTION

4. This action arises under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985, and the fifth and fourteenth amendments to the United States Constitution. Plaintiff further seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and states that this action arises from an actual case and controversy. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The pendent jurisdiction of this Court to hear related state causes of action is further invoked.

## III. PARTIES

5. Richard Roe is an adult citizen of the State of Montana who resided in Gallatin County when a substantial part of the events giving rise to this claim occurred. He is identified with a fictitious name to protect his constitutional right of privacy, and to protect him from annoyance, embarassment, and further hardship which would arise should his identity be known. Two motions for protective orders are being filed contemporaneously with this Complaint.

6. Defendant Carolynn Bright is MDOC's Director of Communications and works and resides in Helena, Montana.

-2-

7. DOEs 1-9 are current or former MDOC employees who
committed overt acts or engaged in a meeting of the minds with
the result of the violation of ROE's civil rights and the
obstruction of the due course of justice.

## IV ALLEGATIONS

8. In 2003, Plaintiff Richard Roe was adjudicated delinquent
for an act that would have constituted a sex offense if committed
by an adult.

9. By statutory mandate in the Youth Court Act, Montana's
legislature expressly prohibited its courts from deeming a Youth
Court adjudication to be a criminal conviction.

10. In 2003, Montana law required courts to seal the records
of delinquent youths upon the termination of jurisdiction.

11. Montana law permits jurisdiction of youth court cases to
be extended no further than the twenty-fifth birthday of a former
delinquent youth.

12. Retroactive changes to when or whether a youth or former
youth's record of delinquency must be sealed have been held to be
unconstitutional ex post facto by the Ninth Circuit in a decision
that was vacated on other grounds.

13. The Ninth Circuit and others have taken the position
that a vacated judgment retains precedental authority on those
issues not addressed in the order vacating it.

14. Richard Roe completed all required treatment and
discharged his youth court disposition in 2011 without having

-3-

ever been found by a court to have violated the terms of his Youth Court disposition.

15. On October 11, 2011, the First Judicial District Court of Montana fully and fairly determined that Roe's juvenile record must be sealed. The State of Montana was a party to that action and elected not to appeal the Court's decision.

16. In 2011, Doe Defendant employees of MDOC gave Roe legal advice amounting to threats that if he did not continue to register as a sexual offender after the termination of his youth court disposition, he would suffer legal consequences, including imprisonment.

17. Relying upon the statements of Doe Defendants described in ¶ 18, Roe continued to register as a sexual offender after the termination of his youth court disposition through part of 2014.

18. On September 11, 2014, the First Judicial District Court of Montana fully and fairly determined that Roe's juvenile record must be destroyed. The State of Montana was a party to that action and elected not to appeal the Court's decision.

19. On November 12, 2015, the Eighteenth Judicial District Court of Montana fully and fairly determined that Roe did not have a duty to register as a sexual offender. The State of Montana was a party to that action and elected not to appeal the Court's decision.

20. The Montana legislature expressly required the MDOC to adopt appropriate control measures to ensure adequate integrity, security, and confidentiality of any electronic records of a

youth generated or maintained in any management information system.

21. Montana law permits a youth court to transfer supervisory responsibility for a youth to adult probation services to ensure continued compliance with the youth court's disposition. Through the process described in the previous sentence, jurisdiction is extended until the youth reaches 25 years of age, at which point the youth's record must be sealed.

22. Carolynn Bright and other defendants had knowledge of the law described in ¶ 21 prior to the filing of this action.

23. As a result of having knowledge of the law described in ¶ 21, Policy No. DOC 1.5.5(IV)(D) was drafted by unenumerated MDOC employees to ensure compliance with that law by MDOC staff.

24. Defendants refused to comply with policy, law and the court order requiring the sealing of Roe's juvenile record.

25. Defendants refused to comply with policy, law, and the court order requiring the destruction of Roe's juvenile record.

26. Montana law permits disclosure of youth court records until their sealing is required by law. After youth court and MDOC records pertaining to a youth must be sealed, it is a crime under Montana law to disclose them.

27. In 2022, Roe learned that his juvenile record was being publicly displayed on the Correctional Offender Network Website (CONWeb).

28. MDOC Policy No. DOC 1.5.5A permits requests for information to be removed from CONWeb to be submitted to MDOC's

-5-

Director of Communications.

29. The MDOC Director of Communications' responsibilities include ensuring that information that is unlawful to divulge via CONWeb is removed from CONWeb.

30. As of the drafting of this Complaint, Carolynn Bright is MDOC's Director of Communications.

31. In 2022, Roe submitted written requests to Bright and other MDOC staff to remove his juvenile record from CONWeb and the MDOC's Offender Management Information System (OMIS).

32. The requests described in ¶ 31 stated that MDOC Policy, court orders, and Montana law prohibited MDOC officials from disclosing Roe's juvenile record.

33. The requests described in ¶¶ 31 and 32 contained specific citations and excerpts of MDOC Policy, court orders, and Montana law in support of the position advanced therein.

34. Bright and other defendants had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the Plaintiff and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to the Plaintiff.

35. Bright and other defendants had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the Plaintiff and deliberately proceeded to act with indifference to the high probability of injury to the Plaintiff.

36. Bright and other defendants had a meeting of the minds

with the intent and result that at least one defendant retained, accessed, and publicly disclosed Roe's juvenile record after a court ordered the sealing and destruction of Roe's juvenile record.

37. The conduct described in ¶ 33 was motivated by animus toward persons who have committed acts of delinquency as youths.

38. The Montana legislature has enacted statutes specifically and explicitly for the protection of persons who have committed acts of delinquency as youths.

39. The legislative branch of the United States government has enacted statutes specifically and explicitly for the protection of persons who have committed acts of delinquency as youths.

40. The statutes described in ¶¶ 38 and 39, including provisions of Montana's Youth Court Act and the federal Juvenile Justice Act, signified legislative intent to protect persons who committed acts of delinquency as youths from class-based animus.

41. As a result of the misconduct of Defendants described above, Roe has suffered considerable damages in a continuing tort from 2011 to the present. These include damaged social relationships, lost housing, educational and employment opportunities, and brutal physical assaults resulting in serious physical injuries.

## V. CAUSES OF ACTION

### COUNT I — VIOLATION OF RIGHT TO PRIVACY
### UNDER THE FOURTEENTH AMENDMENT

42. Paragraphs 1-42 are hereby incorporated by reference as though fully set forth here.

43. The actions of Defendants, acting under color of state and local law, custom and usage, deprived Plaintiff of his rights, privileges, and immunities under the laws and Constitution of the United States, and in particular, of his right of privacy.

44. By these actions, Defendants have jointly and severally deprived Plaintiff of his rights under the fourteenth amendment to the United States Constitution, in violation of 42 U.S.C. §§ 1983 and 1988.

### COUNT II — VIOLATION OF RIGHT TO PRIVACY
### UNDER THE MONTANA CONSTITUTION

45. Paragraphs 1-44 are hereby incorporated by reference as though fully set forth here.

46. The action of Defendants, acting under color of state and local law, custom and usage, deprived Plaintiff of his rights, privileges, and immunities under the laws and Constitution of the State of Montana, and in particular, his right of privacy.

47. By these actions, Defendants have deprived Plaintiff of

-8-

his rights under Article II, Section 10 of the Montana
Constitution.

### COUNT III — COMMON LAW INVASION OF PRIVACY

48. Paragraphs 1-47 are hereby incorporated by reference
as if fully set forth here.

49. By the actions described above, Defendants willfully,
wantonly, and with reckless disregard and gross negligence,
violated the common law right of privacy belonging to Plaintiff,
thus committing the common law tort of invasion of privacy, to
Plaintiff's great detriment and loss.

### COUNT IV — VIOLATION OF RIGHT TO DUE PROCESS
### UNDER THE FIFTH AND FOURTEENTH AMENDMENTS

50. Paragraphs 1-49 are hereby incorporated by reference
as if fully set forth here.

51. The actions of Defendants, acting under color of state
and local law, custom and usage, deprived Plaintiff of his
rights, privileges, and immunities under the laws and
Constitution of the United States, and in particular, the right
to due process before imposition of a "badge of infamy" that
distinctly altered or extinguished Plaintiff's rights and status
as previously recognized by state law.

52. By these actions, Defendants have jointly and severally
deprived Plaintiff of his rights under the fifth and fourteenth
amendments to the United States Constitution.

## COUNT V — VIOLATION OF RIGHT TO EQUAL PROTECTION
## UNDER THE FOURTEENTH AMENDMENT

53. Paragraphs 1-52 are hereby incorporated by reference as though fully set forth here.

54. The actions of Defendants, acting under color of state and local law, custom and usage, deprived Plaintiff of his rights, privileges, and immunities under the laws and Constitution of the United States, and in particular, of his right of equal protection under the law.

55. By these actions, Defendants have jointly and severally deprived Plaintiff of his rights under the fourteenth amendment to the United States Constitution.

## COUNT VI — TORTIOUS VIOLATION OF STATE LAW

56. Paragraphs 1-55 are hereby incorporated by reference as though fully set forth here.

57. "It is the general rule that where a statute makes a requirement or prohibits a thing for the benefit of a person or class of persons, one injured by reason of a violation of it is entitled to maintain an action against him [or her] by whose disobedience he has suffered injury; and this is true whether the statute is penal or not." Azure v. Billings, 182 Mont. 234, 240, 596 P.2d 460 (1978).

58. The actions of Defendants failed to comply with requirements and violated prohibitions statutorily enacted for the benefit of Plaintiff, in tortious violation of Montana law.

-10-

## COUNT VII — CONSPIRACY TO INTERFERE WITH THE JUDICIAL PROCESS AND OBSTRUCT THE DUE COURSE OF JUSTICE

59. Paragraphs 1-58 are hereby incorporated by reference as though fully set forth here.

60. By these actions, Defendants engaged in a conspiracy to interfere with the judicial process and obstruct the due course of justice, and one or more acts by at least one of the conspirators  resulted in personal injury to Roe and deprivation of Roe's rights and privileges as a citizen of the United States, in violation of 42 U.S.C. § 1985(2).

61. Special protection of Roe is warranted due to Congressional indication through legislation that persons who committed acts of delinquency as youths require such protection.

## COUNT VIII CONSPIRACY TO DENY EQUAL RIGHTS UNDER THE LAW

62. Paragraphs 1-61 are hereby incorporated by reference as though fully set forth here.

63. By these actions, Defendants engaged in a conspiracy to deprive Roe of equal protection of the laws and of equal privileges and immunities under the laws, and one or more acts by at least one of the conspirators resulted in personal injury to Roe and deprivation of Roe's rights and privileges as a citizen of the United States, in violation of 42 U.S.C. § 1985(3).

WHEREFORE, Plaintiff prays for the following relief:

(a) compensatory and punitive damages against the individual Defendants, jointly and severally;

(b) a declaration of Plaintiff's right to be free from unwanted publicity and invasions of his privacy concerning the dissemination of his youth court delinquency adjudication;

(c) an order permanantly restraining all Defendants, their agents, servants, representatives and successors, from disseminating information to the public about youth court records where a court has ordered the sealing or destruction of such records;

(d) costs and reasonable attorney fees;

(e) such other and further relief as the Court deems just and necessary.


February 23, 2023
Date

Richard Roe
Plaintiff, pro se

-12-